UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ASTRID JAMES, and GREGORY JAMES,

        Plaintiffs,

v.                                                                                    CASE NO.:

UNITED AIRLINES, INC.,

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, ASTRID JAMES and GREGORY JAMES, by and through their attorneys, KREINDLER & KREINDLER LLP, as and for their Complaint against Defendant, UNITED AIRLINES, INC. ("UNITED"), hereby allege the following upon information and belief:

## PARTIES

1. Plaintiffs, ASTRID JAMES and GREGORY JAMES, are residents of Riviera Beach, Palm Beach County, Florida.

2. Plaintiff, ASTRID JAMES, and Plaintiff, GREGORY JAMES, are lawfully married as husband and wife.

3. Defendant, UNITED, is a Delaware corporation with its principal place of business located in Cook County, Illinois.

4. Defendant, UNITED, is a common carrier engaged in the business of transporting passengers for hire by air.

## JURISDICTION AND VENUE

5. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §

1331 because a federal question is presented pursuant to the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on May 28, 1999 ("the Montreal Convention").

6. This Court has personal jurisdiction over the Defendant, UNITED, because the events giving rise to Plaintiffs' claims arose within the Southern District of Florida.

7. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because the events in question arose within this judicial district.

### CLAIM ONE: FOR PERSONAL INJURIES PURSUANT TO THE MONTREAL CONVENTION ON BEHALF OF PLAINTIFF ASTRID JAMES

8. On March 14, 2022, Plaintiff ASTRID JAMES was traveling on the return leg of a round-trip international itinerary from Frankfurt Airport (FRA) in Frankfurt, Germany, to Palm Beach International Airport (PBI), in Palm Beach, Florida, with a layover at Newark International Airport (EWR) in Newark, New Jersey.

9. On March 14, 2022, Defendant, UNITED, operated and controlled a commercial aircraft designated as United Airlines Flight 495 (the "subject aircraft"), from Newark, New Jersey (EWR) to Palm Beach, Florida (PBI) ("the subject flight").

10. On March 14, 2022, Plaintiff ASTRID JAMES was a fare-paying passenger lawfully aboard the subject flight.

11. On March 14, 2022, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by the Defendant, UNITED.

12. On March 14, 2022, Defendant, UNITED, employed a flight crew responsible for the safe and secure operation of the subject flight and the safety and well-being of its passengers.

13. On March 14, 2022, Defendant, UNITED, was responsible for the training, management, supervision, and control of its flight crew aboard the subject flight, including but not limited to the crew's adherence to standard safety policies and protocol.

14. On March 14, 2022, while aboard the subject flight, Plaintiff ASTRID JAMES was caused to become injured.

15. Specifically, after landing in Palm Beach, Florida, Plaintiff ASTRID JAMES was caused to become injured as she stood to exit the aircraft and was forcefully knocked over by a fellow passenger.

16. The passenger who knocked over Plaintiff ASTRID JAMES had been rushing to disembark the aircraft pursuant to the instructions of Defendant UNITED's flight crew.

17. Plaintiff's injuries resulted from an "accident" as defined by Article 17 of the Montreal Convention, because her injuries were caused by an unexpected or unusual event or occurrence external to her, and not by her own internal reaction to the normal operation of the aircraft.

18. As a result of the aforesaid accident, Plaintiff ASTRID JAMES was injured.

19. As a result of the aforesaid accident, Plaintiff ASTRID JAMES was seriously injured.

20. As a result of the aforesaid accident, Plaintiff ASTRID JAMES was permanently injured.

21. As a result of the aforesaid accident, Plaintiff ASTRID JAMES suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

22. As a result of the aforesaid accident, Plaintiff ASTRID JAMES was forced to

expend sums of money on medical treatment and in the future shall continue to expend sums of money on same.

23. As a result of the aforesaid accident, Plaintiff ASTRID JAMES was deprived of her enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

24. As a result of the foregoing, Defendant, UNITED, is liable to pay full, fair and reasonable damages to Plaintiff ASTRID JAMES pursuant to the Montreal Convention.

25. Defendant, UNITED, cannot meet its burden under Article 21 of the Montreal Convention of proving that its negligence did not cause or contribute to the aforesaid accident and the resulting injuries to Plaintiff ASTRID JAMES.

26. Defendant, UNITED, cannot meet its burden under Article 21of the Montreal Convention of proving that the injuries suffered by Plaintiff ASTRID JAMES were caused solely by the acts of third parties.

**CLAIM TWO: LOSS OF CONSORTIUM
ON BEHALF OF PLAINTIFF GREGORY JAMES**

27. Plaintiff, GREGORY JAMES, repeats and realleges each of the preceding allegations as though fully set forth herein.

28. Plaintiff, GREGORY JAMES, brings a loss of consortium claim as a proximate and legal result of the aforesaid damages sustained by his wife, Plaintiff ASTRID JAMES, under Article 17 of the Montreal Convention and as a result of Defendant UNITED's negligence.

29. As a result of his wife's damages, Plaintiff, GREGORY JAMES, has experienced a loss of love, affection and companionship within his marital relationship.

30. As a result of his wife's damages, Plaintiff, GREGORY JAMES, has experienced a loss of sexual relations within his marital relationship.

31. As a result of his wife's damages, Plaintiff, GREGORY JAMES, has experienced

a loss of guidance, support and services within his marital relationship.

32.  As a direct and proximate result of his wife's damages, Plaintiff, GREGORY JAMES, has sustained and will continue to suffer a loss of consortium and other benefits in an amount that will be proven at the time of trial.

WHEREFORE, Plaintiffs, ASTRID JAMES and GREGORY JAMES, hereby demand judgment against Defendant, UNITED, in an amount to be determined at trial, together with interest, costs and disbursements of this action.

### JURY DEMAND

Plaintiffs demand a jury of six (6) persons for all claims stated.

Dated:  March 5, 2024

**SPOHRER & DODD, P.L.**

*/s/ Robert F. Spohrer*
**ROBERT F. SPOHRER, ESQUIRE**
Florida Bar No.: 184500
76 S. Laura Street, #1701
Jacksonville, FL 32202
Phone: (904) 309-6500
Facsimile: (904) 309-6501
Email:  rspohrer@sdlitigation.com
         jheape@sdlitigation.com
         eservice@sdlitigation.com
*Attorneys for Plaintiffs*

and

**KREINDLER & KREINDLER LLP**

*/s/ Erin R. Applebaum*
**ERIN R. APPLEBAUM, ESQUIRE**
*(To be admitted pro hac vice)*
485 Lexington Avenue, Floor 28
New York, NY 10017
Tel. (212) 973-3430
Email:  eapplebaum@kreindler.com
*Attorneys for Plaintiffs*